UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| JASON RHOADES, | § | |
| | § | |
| PLAINTIFF | § | |
| | § | |
| | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 5:17-cv-329 |
| | § | |
| BROWN & BROWN RESOURCES, | § | |
| INC., HOME NURSING AND | § | |
| THERAPY SERVICES OF TEXAS, | § | |
| INC., AND EDUARDO | § | |
| GUIMBARDA, INDIVIDUALLY, | § | |
| | | |
| DEFENDANTS | | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Jason Rhoades brings this suit against Defendants Brown & Brown Resources, Inc., Home Nursing and Therapy Services of Texas, Inc., and Eduardo Guimbarda, Individually ("Defendants") and in support thereof would show as follows:

### I. PRELIMINARY STATEMENT

1.1 This is an action for unpaid overtime wages brought pursuant to the Fair Labor Standards Act ("FLSA"). Defendants provide home health services to individuals in Texas. Plaintiff was a Licensed Vocational Nurse ("LVN"). Plaintiff would travel to the homes of Defendants' customers to provide nursing care.

1.2 Jason Rhoades worked for Defendants from June 2013 to October 2016.

1.3 Plaintiff brings this lawsuit to recover overtime compensation, liquidated damages, attorney's fees, litigation costs, costs of court, and pre-judgment and post-judgment interest under the provisions of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq*.

("FLSA").

1.4    During the three years prior to the filing of this Complaint, Defendants willfully committed violations of the FLSA by failing to pay their employees, including Plaintiff, overtime premiums for hours worked in excess of forty per week.

## II.    JURISDICTION AND VENUE

2.1    The Court has subject matter jurisdiction under 28 U.S.C. § 1331 because this civil action arises under the Constitution, laws, or treaties of the United States; specifically, the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq*. ("FLSA"). Jurisdiction is further conferred on this Court by 29 U.S.C. § 216(b) and by the provisions of 28 U.S.C. § 1337.

2.2    The Court has personal jurisdiction over Defendants Brown & Brown Resources, Inc. and Home Nursing and Therapy Services of Texas, Inc. because these entities conduct business in Texas and have entered into relationships with Plaintiff in Texas, and committed actions in Texas that give rise to this cause of action.

2.3    Venue is proper in the Western District of Texas, San Antonio Division, pursuant to 28 U.S.C. § 1391(b), because a substantial part of the events or omissions giving rise to the claims herein occurred in this District.

## III.    PARTIES

**A.    Plaintiff**

3.1    Plaintiff Jason Rhoades is an individual residing in Selma, Texas.

**B.    Defendants**

3.2    Brown & Brown Resources, Inc. is a domestic corporation formed and existing under the laws of the State of Texas and maintains and operates its principal office in San Antonio, Texas. Brown & Brown Resources, Inc. was an employer of Plaintiff as defined by 29 U.S.C. §203(d).

Brown & Brown Resources, Inc. can be served with process by serving its registered agent for service of process, Eduardo Guimbarda at 2608 North Main, Suite 3, San Antonio, Texas 78212.

3.3     Home Nursing and Therapy Services of Texas, Inc. is a domestic corporation formed and existing under the laws of the State of Texas and maintains and operates its principal office in San Antonio, Texas. Home Nursing and Therapy Services of Texas, Inc. was an employer of Plaintiff as defined by 29 U.S.C. §203(d). Home Nursing and Therapy Services of Texas, Inc. can be served with process by serving its registered agent for service of process, Eduardo Guimbarda at 2608 North Main, Suite 3, San Antonio, Texas 78212.

3.4     Eduardo Guimbarda is an individual who resides in Bexar County, Texas, and at all times relevant to this claim acted directly or indirectly in the interest of Brown & Brown Resources, Inc. and Home Nursing and Therapy Services of Texas, Inc. in relation to Plaintiff's employment. Eduardo Guimbarda was substantially in control of the terms and conditions of Plaintiff's work. Eduardo Guimbarda was an employer of Plaintiff as defined by 29 U.S.C. §203(d). Eduardo Guimbarda may be served with process at 2608 North Main, Suite 3, San Antonio, Texas 78212.

## IV.     FLSA COVERAGE

4.1     For purposes of this action, the "relevant period" is defined as such period commencing on the date that is three years prior to the filing of this action, and continuing thereafter.

4.2     At all relevant times, Defendant Brown & Brown Resources, Inc. had gross operating revenue in excess of $500,000.00.

4.3     At all relevant times, Defendant Home Nursing and Therapy Services of Texas, Inc. had gross operating revenue in excess of $500,000.00.

4.4     At all relevant times, Defendants have been, and continue to be, an "employer" engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the

FLSA, 29 U.S.C. § 203.

4.5 At all relevant times, Defendants employed "employees", including Plaintiff, within the meaning of the FLSA, 29 U.S.C. § 203.

4.6 At all relevant times, Defendants employed two or more persons in interstate commerce.

4.7 At all relevant times, Defendant Brown & Brown Resources, Inc. has been an "enterprise" engaged in commerce as defined in 29 U.S.C. § 203.

4.8 At all relevant times, Defendant Home Nursing and Therapy Services of Texas, Inc. has been an "enterprise" engaged in commerce as defined in 29 U.S.C. § 203.

4.9 At all relevant times, Plaintiff was individually engaged in interstate commerce or in the production of goods for commerce while performing his job duties for Defendants.

4.10 At all relevant times, Defendants have been subject to the requirements of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*.

## V. FACTUAL ALLEGATIONS

5.1 Defendants provide home health care services. Plaintiff worked for Defendants as a field LVN, providing care to Defendants patients at their places of residence.

5.2 Defendants employed Plaintiff during the three-year period preceding the filing of this Complaint.

5.3 Defendants maintained control, oversight, and direction over their operations, including employment practices.

5.4 Defendants maintained and exercised the power to hire, fire, and discipline Plaintiff during his employment with Defendants.

5.5 Plaintiff was required to comply with Defendants' policies and procedures in performing Plaintiff's work during his employment with Defendants.

5.6     As the president of both Brown & Brown Resources, Inc. and Home Nursing and Therapy Services of Texas, Inc., Eduardo Guimbarda independently exercised control over the work performed by Plaintiff.

5.7     Eduardo Guimbarda is responsible for running the day-to-day operations of Brown & Brown Resources, Inc. and Home Nursing and Therapy Services of Texas, Inc.

5.8     Eduardo Guimbarda, acting directly in the interest of Brown & Brown Resources, Inc. and Home Nursing and Therapy Services of Texas, Inc., determined the wages to be paid to Plaintiff.

5.9     Eduardo Guimbarda, acting directly in the interest of Brown & Brown Resources, Inc. and Home Nursing and Therapy Services of Texas, Inc., determined the work to be performed by Plaintiff and monitored and directed Plaintiff's work on a regular basis.

5.10    Eduardo Guimbarda, acting directly in the interest of Brown & Brown Resources, Inc. and Home Nursing and Therapy Services of Texas, Inc., determined the locations where Plaintiff would work.

5.11    Eduardo Guimbarda, acting directly in the interest of Brown & Brown Resources, Inc. and Home Nursing and Therapy Services of Texas, Inc., determined Plaintiff's hours.

5.12    Eduardo Guimbarda, acting directly in the interest of Brown & Brown Resources, Inc. and Home Nursing and Therapy Services of Texas, Inc., determined Plaintiff's conditions of employment.

5.13    Eduardo Guimbarda, acting directly in the interest of Brown & Brown Resources, Inc. and Home Nursing and Therapy Services of Texas, Inc., maintained employment records on Plaintiff.

5.14    Eduardo Guimbarda, acting directly in the interest of Brown & Brown Resources, Inc. and Home Nursing and Therapy Services of Texas, Inc., possessed and, in fact, exercised the power to hire, fire and discipline Plaintiff.

5.15   Plaintiff was a non-exempt employee under the FLSA.

5.16   Defendants paid Plaintiff a set dollar amount for each patient seen by Plaintiff.

5.17   Plaintiff consistently worked in excess of forty hours per week.

5.18   Although Plaintiff worked more than forty hours per week, Plaintiff was not paid overtime compensation for any hours worked over forty per week.

## VI.   CAUSE OF ACTION:  VIOLATION OF THE FLSA

### Failure to Pay Overtime Wages

6.1   Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully set forth herein.

6.2    As a non-exempt employee under the FLSA, if Plaintiff worked over forty hours in a workweek, Plaintiff was entitled to be paid an overtime premium for these hours.

6.3    Over the course of the relevant period, Plaintiff routinely worked in excess of forty hours per week.  Even though Plaintiff worked in excess of forty hours per week, Defendants failed to pay Plaintiff overtime premiums for such hours.

6.4    Defendants have violated 29 U.S.C. § 201 *et seq*. by failing to pay Plaintiff overtime premiums for all hours worked over forty per workweek.

6.5    In further violation of the FLSA, Defendants have failed to maintain accurate employee pay records, including the number of hours worked per workweek by Plaintiff.

6.6    No excuse, legal justification or exemption excuses Defendants' failure to pay Plaintiff overtime compensation for hours worked over forty in a workweek.

6.7    Defendants have failed to make a good faith effort to comply with the FLSA.  Instead, Defendants knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice regarding overtime compensation.  Plaintiff is entitled to liquidated damages for such

conduct.

6.8    Plaintiff seeks all unpaid overtime compensation and an additional equal amount as liquidated damages, as well as reasonable attorney's fees, costs, and litigation expenses, including expert witness fees, as provided by 29 U.S.C. § 216(b), along with pre- and post-judgment interest at the highest rate allowed by law.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff Jason Rhoades respectfully prays that Defendants Brown & Brown Resources, Inc., Home Nursing and Therapy Services of Texas, Inc. and Eduardo Guimbarda, individually, be cited to appear, and that, upon trial of this matter, Plaintiff recover the following, jointly and severally, against Defendants:

a. Actual damages for the full amount of Plaintiff's unpaid overtime compensation;

b. Liquidated damages in an amount equal to Plaintiff's unpaid overtime compensation;

c. Reasonable attorney's fees, costs and expenses of this action, including expert witness costs, as provided by the FLSA;

d. Pre-judgment and post-judgment interest at the highest rates allowed by law; and

e. Such other and further relief, at law or in equity, as this Honorable Court may find proper.

Respectfully submitted,

 /s/ Douglas B. Welmaker
Douglas B. Welmaker
Attorney-in-Charge
State Bar No. 00788641
DUNHAM & JONES, P.C.
1800 Guadalupe Street
Austin, Texas 78701
Tel: (512) 777-7777
Fax: (512) 340-4051
E-Mail: doug@dunhamlaw.com

ATTORNEY FOR PLAINTIFF